IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT MARCHIONDA, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:15-323 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| PRECISION KIDD STEEL CO., INC., | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.  INTRODUCTION

Presently before the Court is Defendant Precision Kidd Steel Co., Inc.'s ("Defendant" or "Precision") motion to dismiss [ECF No. 5] Plaintiff Robert Marchionda Sr.'s amended complaint for failure to join a necessary party under Federal Rule of Civil Procedure 12(b)(7). For the reasons that follow, Defendant's motion is denied.

### II.  BACKGROUND

This action is one under the Age Discrimination in Employment Act (ADEA) in which Plaintiff alleges that his former employer, Defendant Precision discriminated against him on the basis of his age. The facts alleged in the complaint are taken as true, as necessary for purposes of this motion. Plaintiff was employed by Defendant from 1988 in various capacities, until his retirement in April 2009. In September 2010, the plant manager Robert Martello ("Martello") asked Plaintiff to return to work for Defendant to train a replacement for his position. Plaintiff accepted and after Plaintiff completed the training of the replacement, Martello asked if he would remain a full-time employee for Defendant and Plaintiff agreed. Plaintiff and union

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

representatives asked that Plaintiff be classified as a union employee after sixty days of employment, in conformance with standard union practices for new-hires. Martello interfered with this process and prevented Plaintiff from rejoining the union. Martello also referred to Plaintiff as "the old man." A few months before Plaintiff's ultimate termination, Defendant hired two younger, inexperienced employees for work the Plaintiff could have performed if given the same training that was provided to the younger employees. Two weeks prior to Plaintiff's termination, Martello informed the union president and vice president that he did not know how much longer Plaintiff would be working for Defendant implying he was older. Defendant fired Plaintiff on November 14, 2013 for being a non-union employee.

After exhausting his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed suit in this Court bringing the following claims: (1) Age Discrimination under the ADEA; (2) Retaliation under the ADEA; and (3) Age Discrimination under the PHRA. Defendant presently seeks dismissal of Plaintiff's complaint by arguing that the union is a necessary and indispensable party that must be joined.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(7), the court may dismiss the action for the plaintiff's failure to join a necessary party under Federal Rule of Civil Procedure 19. Rule 19 determines when joinder of a party is compulsory and provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If a person required to be joined under Rule 19(a) cannot be feasibly joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). Decisions made pursuant to Rule 19 "are to be made in the practical context of each particular case, leaving to the sound discretion of the court the question of how the account should best proceed under the circumstances." *Lewis v. B.P. Oil, Inc.*, No. CIV. A. 88-5561, 1990 WL 6116, at *2 (E.D. Pa. Jan. 26, 1990) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).

In the labor context, the court should direct its attention to "first, whether disposition of the case may necessitate altering negotiated terms of a collective bargaining agreement and, second, whether the plaintiff has in fact alleged discriminatory conduct by the union in furthering, perpetuating or countenancing the employer's alleged discriminatory conduct." *Id.* at *2 (citing *Ostapowicz v. Johnson Bronze Co.,* 369 F.Supp. 522, 531 (W.D.Pa.1973), *aff'd in part and vacated in part,* 541 F.2d 394 (3d Cir.1976), *cert. denied,* 429 U.S. 1041 (1977)). Simply put, in determining whether a union should be joined in an employment discrimination case, the court "is primarily looking for evidence that its judgment will adversely affect the rights of the union." *Brum v. Cnty. of Merced*, No. 1:12-CV-01636-AWI, 2013 WL 2404844, at *6 (E.D. Cal. May 31, 2013) (citations omitted).

## IV. DISCUSSION

The Court finds that Precision has not adequately illustrated that the union is a necessary and indispensable party requiring joinder. Precision argues that the provisions of the collective bargaining agreement ("CBA") regarding employee membership are implicated such that union joinder is compulsory, because Plaintiff seeks reinstatement with seniority. This argument misinterprets Plaintiff's requested relief. He requests that with his reinstatement, he become a regular employee to be considered for union membership. It is unclear how this relief implicates or would alter any terms of the CBA. Upon independent review of the complaint and the CBA, it is clear that the CBA is in no way implicated in the action, nor would any relief sought by Plaintiff require altering the terms of the CBA. *See Lewis*, 1990 WL 6116, at *2 (where relief sought implicates the "implementation and administration" of the employer's policies and only involves general language of a CBA, the union is not a required party under Rule 19).

Additionally, there is no allegation that the union was involved in the discriminatory conduct complained of by Plaintiff. To the contrary, Plaintiff alleges that the union joined him in his request to become a regular employee to be considered for union membership, and that it was Defendant who denied this request. Plaintiff alleges that Defendant would not consider him a regular employee and he remained a temporary employee and unable to secure union membership. Plaintiff alleges that Precision then terminated his employment because he was not a union member. The entirety of Plaintiff's discrimination action accuses Precision of discriminatory conduct and makes no allegation that the union furthered, perpetuated or countenanced this conduct. Even assuming *arguendo* that the union was somehow involved in the alleged discriminatory action, there is no allegation that failing to consider Plaintiff a regular employee would in any way alter the terms of the CBA.

Accordingly, because Plaintiff's allegations do not implicate any provision of the CBA or require altering negotiated terms of the CBA, nor does Plaintiff's complaint allege any discriminatory conduct by the union, the Court finds that the union is not a necessary and indispensable party under Rule 19.

## V.	CONCLUSION

Based on the foregoing, Defendant's motion to dismiss pursuant to Rule 12(b)(7) is denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MARCHIONDA, SR., ) | |
|     Plaintiff, ) | Civil Action No. 2:15-323 |
| ) | |
| v. ) | Magistrate Judge Robert C. Mitchell |
| ) | |
| PRECISION KIDD STEEL CO., INC., ) | |
|     Defendant. ) | |

## **O R D E R**

AND NOW, this 19th day of June, 2015, after consideration of Defendant Precision Kidd Steel Co., Inc.'s motion to dismiss, it is HEREBY ORDERED that said motion is **DENIED**. Defendant is ordered to file its Answer by July 10, 2015.

                                                      s/ ROBERT C. MITCHELL
                                                      ROBERT C. MITCHELL
                                                      United States Magistrate Judge

cc:   *Counsel for Plaintiff*
       Colleen Ramage Johnston, Esquire
       Nikki Velisaris Lykos, Esquire
       Rothman Gordon, P.C.
       310 Grant Street
       Third Floor, Grant Building
       Pittsburgh, PA 15219

       *Counsel for Defendant*
       Avrum Levicoff, Esquire
       Sunshine R. Fellows, Esquire
       The Levicoff Law Firm, P.C.
       Centre City Tower
       650 Smithfield Street
       Suite 1900
       Pittsburgh, PA 15222-3911